IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ROBERT A. CABASUG, et al. | ) | CV. No. 12-00313 JMS-BMK |
| | ) | |
| Plaintiffs, | ) | ORDER DENYING PLAINTIFFS' |
| | ) | MOTION FOR SANCTIONS |
| vs. | ) | AGAINST CRANE CO. |
| | ) | |
| CRANE COMPANY, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING PLAINTIFFS' MOTION
FOR SANCTIONS AGAINST CRANE CO.

Before the Court is Plaintiffs Robert Cabasug and Joyce Cabasug's

Motion for Sanctions against Defendant Crane Company ("Crane Co."). (Doc. #

572.)  After careful consideration of the motion, the supporting and opposing

memoranda, and the arguments of counsel, the Court DENIES Plaintiffs' motion.

Specifically, the Court: 1) concludes that Crane Co. is not required to search all of

the records located in its repositories in answering Plaintiffs interrogatories,

because the expense of performing the search outweighs its likely benefit; and 2)

declines to reconsider its prior ruling that Crane Co.'s answers to Plaintiffs'

interrogatories are satisfactory.

BACKGROUND

On June 1, 2012, Plaintiffs filed this action asserting claims against

twenty-five Defendants that allegedly manufactured, sold, and supplied various products containing asbestos to the United States Navy.  (Doc. # 657 at 1.)

On January 22, 2013, Crane Co. served its Objections and Responses to Plaintiffs' Master Set of Interrogatories, which are the subject of the instant dispute.  (Doc. # 572 Ex. A; Doc. # 221.)  Crane Co.'s response to Plaintiffs' interrogatories stated that it did not review all of the documents in its repositories, because it would be unreasonably costly.  (Id. at Ex. A, ¶ B.)

Over the past twenty years, Crane Co. has located and identified documents responsive to discovery requests from numerous plaintiffs law firms, including at two repositories located in Freehold, New Jersey, and Bolingbrook, Illinois.  (Trocchio Decl. ¶¶ 2, 3.)  After Crane Co. collects these documents, it organizes them for production in later cases.  (Id. at ¶ 4.)  When Crane Co. receives a discovery request, it reviews the documents collected from prior requests and produces responsive documents.  (Id. at ¶ 7.)

The Freehold repository has 5,600 boxes of documents and an index. (Id. at ¶ 9.)  The Bolingbrook facility lacks an index.  (Doc. # 645 at 3.)  Crane Co. represents that it has reviewed documents at its Connecticut and New York repositories as part of the process outlined above, including "case-specific investigation for this and other cases . . . ."  (Id. at 12.)  At the Bolingbrook

2

repository, Crane Co. represents that it has reviewed "key portions" of the documents. (Id.) With respect to the Freehold repository, Crane Co. has produced documents that have been selected by plaintiffs firms over the past decade. (Id.; Trocchio Decl. ¶¶ 10, 11.) Twelve Plaintiffs firms, including Plaintiffs' counsel, have visited the Freehold repository, and New York plaintiffs firms have reviewed and selected documents from all of the available boxes at the Freehold repository. (Id.) However, neither party disputes that Crane Co. has not reviewed all of the documents in the repositories in answering Plaintiffs' interrogatories or that the repositories are not easily searchable.

On April 12, 2013, Plaintiffs filed their first motion for sanctions, which claimed that many of Crane Co.'s interrogatory answers were misleading or false. (Doc. # 371.) On May 20, 2013, the Court denied this motion without prejudice to bringing a renewed motion based on Crane Co.'s failure to review all of the repository documents in answering its interrogatories. (Doc. # 507; Doc. # 651 Ex. FF Tr. 5/20/2013 at 38.)

On May 30, 2013, Plaintiffs filed the instant motion for sanctions, asserting that Crane Co. is obligated to review the documents located at its repositories when formulating answers to the interrogatories, and that Crane Co. should be sanctioned for its evasive and misleading answers to Plaintiffs'

3

interrogatories.  (Doc. # 572.)

DISCUSSION

A.    <u>Crane Co. Is Not Obligated To Review All of the Documents In Its Repositories In Answering Plaintiffs' Interrogatories.</u>

Plaintiffs assert that Crane Co. is required to search all of its repositories when responding to the interrogatories.  The Court concludes that Crane Co. is not required to search all of its repositories because the burden of performing the search outweighs its potential benefit.  <u>See</u> Fed. R. Civ. Proc. ("FRCP") Rule 26(b)(2)(C)(iii).

"As a general rule a party in answering interrogatories must furnish information that is available to it and that can be given without undue labor and expense."  8B Wright, Miller & Marcus, <u>Federal Practice & Procedure</u>, § 2174 at 70 (3d ed. 2010); <u>Kaufman v. American Family Mut. Ins. Co.</u>, Civ. No. 05-02311 WDM-MEH, 2007 WL 1430105, at *1-2  (D. Colo. May 11, 2007).  Additionally, "discovery should always be viewed from the context of Fed. R. Civ. P. 26(b) which generally instructs that the amount of discovery requested must be balanced by the need for such discovery."  <u>L.H. v. Schwarzenegger</u>, Civ. No. S-06-2042 LKK-GGH, 2007 WL 2781132 at *2 (E.D. Cal. Sept. 21, 2007); <u>see also</u> 8B <u>Federal Practice & Procedure</u>, § 2174 at 64 ("Interrogatories may be objected to on the ground that they are not within the scope of discovery as defined in Rule 26(b)

4

. . . .").  FRCP Rule 26(b)(2)(C)(iii) allows the Court to limit discovery if "the

burden or expense of the proposed discovery outweighs its likely benefit,

considering the needs of the case, the amount in controversy, the parties' resources,

the importance of the issues at stake in the action, and the importance of the

discovery in resolving the issues."

       After weighing the relevant factors, the Court concludes that the

burden of searching the repositories outweighs the likely benefit of the information

sought by Plaintiffs.  Initially, the Court notes that the Bolingbrook repository is

not indexed, and the Freehold repository contains approximately 5,600 boxes of

records.  Performing a full sweep of all the documents in Crane Co.'s repositories

would prove enormously costly.

       Weighed against that cost is the relatively uncertain benefit resulting

from the search.  A large portion of the Freehold repository has been reviewed by

other Plaintiffs firms, and any document selected by those firms has been produced

to Plaintiffs.  (Trocchio Decl. ¶ 11.)  Plaintiffs' counsel in this case has also

inspected records at the Freehold repository.  With respect to the remaining

repositories, Crane Co. and other Plaintiffs firms have reviewed documents at these

locations, and any documents collected from those searches are reviewed by Crane

Co. and incorporated into its interrogatory answers if necessary.  (Id. at ¶¶ 7, 8.)

Because the repositories have been previously searched, the value of performing a full search of the repositories is limited, especially in light of Crane Co.'s lengthy history of asbestos litigation.  Crane Co. has been involved in asbestos litigation for two decades, and gone through trials and discovery in numerous asbestos cases. In light of the prior discovery in similar cases and Crane Co.'s long history of asbestos litigation, it is unclear whether searching the repositories would produce any additional discoverable material.  Although Plaintiffs argue that Crane Co. does not lack resources to perform these searches, the Court concludes that requiring Crane Co. to search through all of the repository records is unreasonable in light of the uncertain benefit and extraordinary costs of the search.

Plaintiffs assert that Crane Co. "cannot maintain an unwieldy record-keeping system and use that to justify not searching its own documents to respond to discovery."  (Doc. # 572 at 3); Dunn v. Midwestern Indem., 88 F.R.D. 191, 198 (S.D. Ohio 1980); Kozlowski v. Sears, Roebuck & Co., 73 F.R.D. 73, 76 (D. Mass. 1976).  Although Plaintiffs have produced cases from other jurisdictions indicating that a party may not claim undue burden when it has failed to organize its records, those cases do not relieve the Court of its obligation to perform the Rule 26(b)(2)(C) analysis discussed above.  Unlike those cases, other plaintiffs counsel and Crane Co. have searched the documents

extensively, which seriously calls into question the benefit of doing a full search of the repositories.  Therefore, the Court declines to order Crane Co. to review all of the documents in the repositories in answering its interrogatories.

Finally, Plaintiffs argue that Crane Co. should produce any indexes of the repositories.  (Doc. # 574 at 6.)  Crane Co. argues that it has already produced any existing non-protected indexes of the Freehold and Bolingbrook repositories, and that the remaining indexes are protected work product.  (Doc. # 645 at 25.) Moreover, at the hearing, counsel for Crane Co. represented that the only existing indexes of the unreviewed repositories contain a "small subset of the documents" selected in anticipation of litigation.  Crane Co. also represented that the indexes were of limited subject matter.  The Court concludes that these indexes are protected opinion work product.

"Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative . . . ."  FRCP Rule 26(b)(3)(A).  Work product may be discoverable if a party shows that it has substantial need for the materials and cannot, without undue hardship, obtain their substantial equivalent by other means. Id. at (A)(ii).  "Rule 26(b)(3) recognizes the distinction between 'ordinary' and 'opinion' work product" and "[o]pinion work product, such as an attorney's legal

7

strategy, evaluation of the strengths and weaknesses of the case, etc., is accorded

an almost absolute protection from discovery." Thomas v. Gen. Motors Corp., 174

F.R.D. 386, 388 (E.D. Tex. 1997).  In evaluating whether indexes are opinion or

fact work product, courts have evaluated the selectivity of the index.  See id. at

388; Washington Bancorporation v. Said, 145 F.R.D. 274, 278 (D.D.C. 1992).

Because the indexes in this case involve relatively few documents selected in

anticipation of litigation, they are protected opinion work product.

B.    Crane Co.'s Answers To the Master Interrogatories Are Not Misleading Or
      Deficient.

            Plaintiffs argue that Crane Co.'s response to interrogatories Nos. 6,

7(a), 8,  16, 18(a), 31(a)&(b), 64, 99, and 101 are evasive, misleading, or false.

Plaintiffs assert that these responses should be deemed a failure to answer under

FRCP Rule 37(a)(4).  The Court declines to impose sanctions on Crane Co. or

compel further answers to the interrogatories because: 1) many of these issues were

previously decided by the Court in its ruling on Plaintiffs' first motion for

sanctions; and 2) Crane Co.'s answers are satisfactory.

            On May 20, 2013, the Court held a hearing on Plaintiffs' first motion

for sanctions, which was denied without prejudice to bringing a new motion

regarding Crane Co.'s obligation to search its repositories.  (Tr. 5/20/13 at 38.)

Plaintiffs' first motion for sanctions and the instant motion make many identical

8

claims regarding Crane Co.'s interrogatory answers, including the following: 1) interrogatories Nos. 6 and 7(a) misrepresent the date of cranite sales (Doc. # 371 at 24); 2) Crane Co. refused to answer interrogatory No. 99 regarding its failure to warn the United States Navy (Id. at 29); 3) Crane Co. falsely answered interrogatory No. 64 (Id. at 29-32); 4) Crane Co. failed to honestly answer interrogatory Nos. 6 and 7 by falsely claiming that it never designed asbestos related products (Id. at 5, 17-24); 5) interrogatory Nos. 7(a), 8, 31, 31(b), and 101 do not identify the years in which Crane Co. sold replacement gaskets to the Navy (Id. at 6-12); 6) Crane Co. falsely answers that it cannot identify the type of asbestos used (Id. at 26-28); and 7) interrogatory Nos. 16 and 18(a) were never answered.  (Id. at 28-29.)  The Court rejected these arguments when it denied Plaintiffs' previous motion for sanctions and declines to reconsider its prior ruling.

Moreover, Plaintiffs' claims regarding the interrogatories involve competing factual inferences.  As the Court explained to Plaintiffs' counsel at the May 20 hearing, these factual disputes are inappropriate in the context of a motion for sanctions.  Plaintiffs will have the opportunity to prove their version of events at trial, which is a more appropriate forum for these issues.  After reviewing the relevant materials, the Court concludes that sanctioning Crane Co. for its interrogatory answers is inappropriate.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' motion for sanctions.

DATED:  Honolulu, Hawaii, August 30, 2013

IT IS SO ORDERED.



  /S/ Barry M. Kurren      
Barry M. Kurren
United States Magistrate Judge

Cabasug v. Crane Co., Civ. No. 12-00313 JMS-BMK, ORDER DENYING PLAINTIFFS' MOTION FOR SANCTIONS AGAINST CRANE CO.